**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JULIE L. HALL,

    Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

    Defendants

No. C-05-4786 MMC

**ORDER DISMISSING COMPLAINT AND AMENDED COMPLAINT WITH LEAVE TO AMEND**

    Before the Court is a one-page document, titled "Complaint and Civil Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunctive Relief," filed November 22, 2005 by plaintiff Julie L. Hall against a number of defendants, all of whom are government entities and elected officials. By order filed November 22, 2005, the Court denied plaintiff's request for a temporary restraining order,[1] on the ground plaintiff failed to allege any facts in her complaint, including facts suggesting a basis for federal jurisdiction, and because plaintiff failed to offer any evidence in support of her request for interim relief.

    Also before the Court is a 17-page document, filed later in the day on November 22, 2005, which bears a lengthy title beginning with "Ex Parte Application for a[n] Order Restraining the City and County of California [sic], the State of California from Further Gross Negligence," and in which plaintiff has included what appear to be intended as

---

[1] Although plaintiff did not file a separate motion seeking a temporary restraining order, plaintiff, at the time she filed her complaint, informed the Clerk of the Court that her complaint was a request for a temporary restraining order.

factual allegations in support of her claim(s).  The Clerk of the Court filed said document, construing it as an amended complaint.

Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the grounds upon which the court's jurisdiction depends." See Fed. R. Civ. P. 8(a)(1).  Here, as noted, plaintiff's initial one-page complaint fails to include any facts, let alone a statement of the grounds upon which this Court may assert jurisdiction.  Further, to the extent plaintiff intends her subsequently filed 17-page document to be an amended complaint, such document likewise fails to comply with Rule 8(a)(1).  Although that document includes references to certain federal statutes, plaintiff fails to state what facts, if any, support a claim under any federal statute.[2]  Consequently, plaintiff's complaint and amended complaint are subject to dismissal sua sponte.  See Fed. R. Civ. P. 12(h) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")

Accordingly, plaintiff's complaint and amended complaint are hereby DISMISSED, for lack of jurisdiction, and, to the extent the amended complaint seeks a restraining order, such request is DENIED.

Plaintiff will be afforded an opportunity to file, no later than December 19, 2005, a pleading titled Second Amended Complaint.  Any such pleading must comply with Rule 8(a).  If plaintiff fails to file a Second Amended Complaint within the time provided, the Court will dismiss the action, without further leave to amend, for lack of jurisdiction, and without prejudice to plaintiff's re-filing her claims in state court.

**IT IS SO ORDERED.**

Dated:  December 1, 2005

MAXINE M. CHESNEY
United States District Judge

---

[2] The 17-page document includes references to such events as the death of a dog, a child in plaintiff's neighborhood being struck by a vehicle, plaintiff being struck by her vehicle after a brake failed, and an immigrant having parked a vehicle on the property of plaintiff's neighbor.